IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AMBER MUMME, formerly
AMBER SAMPLEY                                                      PLAINTIFF

        v.        Civil No. 09-2137

TL SERVICES, INC., an
ARKANSAS CORPORATION                                                DEFENDANT

## O R D E R

Now on this 23rd day of February, 2010, comes on for consideration defendant's **Motion To Dismiss For Lack Of Subject Matter Jurisdiction** (document #4), and from said motion, and the response thereto, the Court finds and orders as follows:

1. Plaintiff brought suit for breach of contract, alleging the existence of diversity jurisdiction. Defendant now moves to dismiss, contending that the amount in controversy is less than $75,000. Plaintiff responds that defendant has not factored in all appropriate damages, and that she believes, in good faith, that her damages will exceed $75,000.

2. When the parties to a claim are citizens of different states, there is federal court jurisdiction in a civil action if the amount in controversy exceeds $75,000.00, exclusive of costs and interest. **28 U.S.C. § 1332(a).** When a complaint alleges the jurisdictional amount in good faith, it confers jurisdiction, unless the defendant challenges the allegations as to the amount in controversy, at which point "the plaintiff must establish jurisdiction by a preponderance of the evidence."

The Eighth Circuit has formulated the inquiry thus: "The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." **Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002).** Put another way, "[t]he jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Id.*

3. Plaintiff claims that defendant breached a contract pursuant to which she sold goods on commission. She prays for damages measured by loss of commissions she is entitled to receive on past and future sales, and loss of benefits, including health and dental insurance.

4. Defendant challenges the jurisdictional sum, extrapolating commissions received by plaintiff in past years to the period of time for which she claims damages. By its calculation, plaintiff's claim does not reach the jurisdictional amount.

5. Plaintiff responds with an Affidavit summarizing her alleged damages. She avers that the period in which her termination deprived her of the opportunity to make sales was the most profitable part of her sales year, and that defendant erroneously based its calculations of what she would have earned

-- if she had not been terminated -- on commissions *paid* to her during those months in preceding years, rather than on commissions *earned* by her in those months.  She also avers that defendant still owes her commissions on past sales.  She also avers that she would have worked another three years under her contract had she not been terminated, because defendant did not give her proper notice of intent not to renew her contract.  Finally, she puts a dollar figure to her lost benefits.  The total of these figures comes to well over $75,000, even when one leaves aside the claim for commissions that might have been earned if plaintiff were to work another three years under the contract.

6. While there is no way of knowing whether a jury will believe plaintiff's evidence, it is clear from her Affidavit that if she presents the same evidence therein contained, a fact finder could legally conclude that her damages are greater than $75,000. Defendant's motion will, therefore, be denied.

**IT IS THEREFORE ORDERED** that defendant's **Motion To Dismiss For Lack Of Subject Matter Jurisdiction** (document #4) is **denied.**

**IT IS SO ORDERED.**

                                           /s/ Jimm Larry Hendren
                                          **JIMM LARRY HENDREN**
                                          **UNITED STATES DISTRICT JUDGE**